Judge Robertson,
delivered the opinion of the Court.
To. an action of debt brought in the Anderson circuit court, by Fields vs. Mark Lillard, on anote executed by him and Thomas Lillard, in 1825, for $908 13 cents, (Thomas Lillard being dead,) the defendant filed two pleas; the first was intended to relieve him to the amount of an alleged excess of interest, under the act of 1819; against usury; the second seems to have been drawn with the intent of barring *276 the action entirely; alleging that the note was given in consideration of a parol usurious loan of money by the plaintiff to T. Lillard, in 1818, on which the usury, had been paid before 1825. Demurrers to these pleas were sustained by the court, and the defendant failing to plead over, judgment was rendered against him for the whole debt and legal interest.
Since 1819, defendant by proper plea, may exonerate himself from the excess of interest, over 6 per cent.
Flea that a note executed in 1825, was, upon a usurious contract, by paparol,in 1818, no bar to the action since the statute of 1819: nor before, unless the usury contaminated the note, by mating part'of the sum.
The sufficiency of the pleas is the only question presented by the record.
The first is too vague. It does not show enough to allow an issue for any precise sum, of usury, and a judgment by the court for the remainder. There is no doubt that any excess beyond six per cent, may be plqad at law, to a suit on a bond for a loan since 1819. But the plea must be issuable and show on its lace enough to enable the court to regulate the judgment between the parties, if the plaintiff dqes not reply. This is certainly not such a plea. It is uncertain and indefinite. It does not show how much credit defendant claims, and, therefore, is bad; 18 Johnson, 28.
The second plea is also defective. If the consideration of the note were money usuriously loaned before the act of 1819, that fact, properly averred, would not be a good legal bar to the whole action;, The act of 1819 does not touch contracts made before its passage. The statute of 1798, declared that all usurious coi?, tracts should, be void. But it has been decided by this court, that a note given since 1819,in consideration of an usurious loan, made before the act of 1819 took effect, may be enforced, for principal and legal interest due on the usurious loan. And even without the act of 1819, an usurious contract could be purged by agreement.
The supreme court of the Union, in the case of De Wolf vs. Johnson, 10 Wheaton, 367, has decided that an usurious contract may be cleansed, by a new contract which drops, or does not contain any taint of the usury; and such also was the decision of this court in the case of Postlethwait vs. Garret, 3 Monroe, 347; in which it is decided, that a new bond which does not include the usury or otherwise reserve it, is good , altfipugh the usury had beep before received and r$ *277 tained by the lender. These decisions were under the act of 1798.
Triplett, for plaintiff; Monroe and Sanders, for defendant.
This doctrine is so well settled by these and many other authorities, that although an. usurious contract under the act of 1798 is void, nevertheless this court cannot, if disposed, disregard what must be received as established law.
The second plea does not aver that the bond includes any of the usury which had been reserved in the loan of 1818. It shows that it does not. For it alleges that the usury and a portion of the legal interest had been paid. If,.therefore, this bond had been dated before the act of 1819? it would not have been liable to impeachment by such a plea, for usury reserved and paid before its date. But would have'been invalid only for reserving, prospectively, more than legal interest. As the act of 1819 only bars a recovery for the usury on contracts of loan made after its date, a plea of usury to a suit on such a contract, could not bar the whole action. The second plea in this case, considered as a plea in effect, to get clear of the usury and not to bar the action, is liable to the objections which have been deemed fatal to the first plea; and is also liable to another equally fatal. It begins and ends in bar; See 1 Chitty, 510; 1 Saund. 28, n. 3.
As the note does not include any of the usury reserved on the contract of 1818, and, therefore, is not contaminated by the contract, according to the authorities cited; and as, therefore, it can only be objected to so far as it is void by the operation of the act of 1819, and for that purpose the plea is not good, the demurrer was properly sustained,
If Lillard can establish the facts intimated in his pleas, the chancellor who does not inflict penalties, but does justice between parties, can and will relieve him to the extent of any injury which he may be in danger of sustaining, by being compelled to comply with his contract.
Judgment affirmed, with costs and damages.
Petition for re-hearing. a